GENOVA vs. CORNELL, MISC 20-000227

































 
 ARTHUR & PATRICIA GENOVA, Individually and as Trustees of The Thirty Seven Wyndham Hill Drive Realty Trust, Plaintiffs, v. STEPHEN CORNELL, Defendant
 MISC 20-000227 
 JANUARY 21, 2021
PLYMOUTH, ss.
ROBERTS, J.
JUDGMENT














 Plaintiffs Arthur and Patricia Genova, individually and as Trustees of The Thirty Seven Wyndham Hill Drive Realty Trust ("the Genovas"), commenced this action on June 22, 2020 with the filing of a Verified Complaint against defendant Stephen Cornell ("Mr. Cornell") seeking, among other things, a preliminary injunction requiring that Mr. Cornell remove obstructions blocking the Genovas' access to their dock on Island Pond ("the Pond") in Plymouth, Massachusetts, reached by them over a way now known as Smaland Lane and formerly known as Crescent Road ("Smaland Lane/Crescent Road") and shown on a plan entitled "Plan Of Camp Lots At Great Herring Shores The Cape's Master Camp Site Main Office -- Red Log Cabin At Junction Of Canal Road At Buzzards Bay -- Phone -- Buzzards Bay 345 -- Buzzards Bay -- Mass. Unit B." ("the Unit B Plan") and recorded in the Plymouth County Registry of Deeds ("the Registry") at Plan Book 4, Page 337. More broadly, the Genovas seek (1) a declaration that they have an easement to pass and repass over Smaland Lane/Crescent Road with which Mr. Cornell has wrongfully interfered and (2) a permanent injunction protecting their easement rights. At the close of the pleadings, the Genovas filed Plaintiff's Motion For Judgment On The Pleadings. In a memorandum of decision of even date, the court (Roberts, J.) ALLOWED that motion and ordered the entry of judgment. Accordingly, it is 





 ORDERED, ADJUGED and DECLARED on Count I of the Verified Complaint that, as between Mr. Cornell and the Genovas, the Genovas have a right to pass and repass over that section of Smaland Lane/Crescent Road that abuts Mr. Cornell's property, known as 14 Smaland Lane and further described in a deed dated September 18, 2007 and recorded in the Registry at Book 35225, Page 184 ("the Cornell Property"). 





 It is further 





 ORDERED and ADJUDGED on Count IV of the Verified Complaint, that Mr. Cornell's obstruction of Smaland Lane/Crescent Road as it abuts the Cornell Property constituted a trespass against the Genovas' easement rights, for which no damages were sought and none are awarded. 





 It is further 





 ORDERED that Mr. Cornell is permanently enjoined from obstructing the Genovas' free passage, regardless of purpose, over Smaland Lane/Crescent Road as it abuts the Cornell Property. 





 It is further 





 ORDERED and ADJUDGED that this Judgment is a full adjudication of the parties' claims in this case, and all prayers for relief by any party to this action that are not granted in the preceding paragraphs are denied, the court specifically noting that, because of the absence of necessary parties, it did not reach issues related to ownership of the bed of the Pond or the area between the northern boundary of Smaland Lane/Crescent Road and the waters of the Pond.





 SO ORDERED. 






 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.